J-A15003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| 700 EBA, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WEAVER'S GLASS & BUILDING SPECIALTIES, INC. | |
| Appellant | No. 1868 MDA 2016 |

Appeal from the Order Entered October 21, 2016
In the Court of Common Pleas of Centre County
Civil Division at No(s): 2013-4426

BEFORE:  MOULTON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:  **FILED OCTOBER 10, 2017**

Weaver's Glass & Building Specialties, Inc. ("Weaver's Glass") appeals from the October 21, 2016 order in the Centre County Court of Common Pleas entering judgment in favor of 700 EBA, LLC ("700 EBA") and against Weaver's Glass in the amount of $67,420.25.  We affirm.

In 2005, Weaver's Glass contracted with 700 EBA to furnish and install 35 windows and two doors in a building located at 700 Beaver Avenue, State College, Pennsylvania.  Weaver's Glass completed the required work, and 700 EBA paid the contract price.  Of the 35 windows installed, 21 were Kawneer 451T model windows.

In 2012, 700 EBA detected "major window failure" in connection with the Kawneer 451T model windows, including water penetration into the building in heavy rain.

On November 12, 2013, 700 EBA commenced an action against Weaver's Glass. On July 28, 2015, 700 EBA filed an amended complaint, which included a claim that Weaver's Glass breached the contract by improperly installing the windows.[1]

On October 17, 2016, following a bench trial, the trial court entered judgment in favor of 700 EBA and against Weaver's Glass for breach of contract. The trial court awarded damages in the amount of $67,420.25 plus costs. The damages included the cost of replacing the windows, despite Weaver's Glass's claim that replacement of the windows was not necessary to correct the problem.

On October 25, 2016, Weaver's Glass filed a motion for post-trial relief, which the trial court denied on October 27, 2016. On November 14, 2016, Weaver's Glass filed a timely notice of appeal.

Weaver's Glass raises the following issue on appeal:

> Whether a trial court's damages award after a non-jury trial, which includes the cost of new windows to replace allegedly leaking ones, should be reduced to the lesser cost of fixing the windows where the trial court did not and could not find that replacement was necessary and [700 EBA's] own expert testified that replacement was not necessary?

Weaver's Glass Br. at 3.

_____

[1] The amended complaint also asserted claims for breach of warranty, which were dismissed prior to trial, and a fraudulent concealment claim, which was dismissed during trial.

J-A15003-17

We apply the following standard of review to challenges to a non-jury verdict:

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue . . . concerns a question of law, our scope of review is plenary.
>
> The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

*Stephan v. Waldron Elec. Heating and Cooling LLC*, 100 A.3d 660, 664-65 (Pa.Super. 2014) (quoting *Wyatt, Inc. v. Citizens Bank of Pa.*, 976 A.2d 557, 564 (Pa.Super.2009)). Further, in addressing an award of damages, our Supreme Court has stated: "In reviewing the award of damages, the appellate courts should give deference to the decisions of the trier of fact who is usually in a superior position to appraise and weigh the evidence." *Ferrer v. Trustees of Univ. of Pa.*, 825 A.2d 591, 611 (Pa. 2002) (quoting *Delahanty v. First Pa. Bank*, 464 A.2d 1243, 1257 (Pa.Super. 1983)).

Weaver's Glass argues that the windows could have been repaired, rather than replaced, and, therefore, the trial court erred in awarding

- 3 -

damages based on the replacement cost of the windows. The claim does not merit relief.

The trial court concluded:

> The expert report from Architectural Testing, Inc. states:
>
>> To prevent further water leakage and associated damage to the building, the window system must be remediated in accordance with manufacturer instructions or replaced.
>
> Exhibit P-12 (emphasis added).
>
> The expert report from Kawneer Company states:
>
>> Kawneer['s] recommendation is for the product frames to be removed, and then follow Kawneer instructions 451-VG-970 for all seals and installation of the sub-sill and frame.
>
> Exhibit P-13.
>
> A quote for the replacement of [700 EBA's] twenty-one (21) windows, which was given by Nittany Building Specialties, Inc. ("Nittany Building"), totals $57,500.00. Exhibit P-8. A Nittany Building representative testified at trial that simply reinstalling the existing windows would be a liability and Nittany Building would not undertake such a project.
>
> . . .
>
> The Court received evidence and heard credible testimony which established the replacement of all twenty-one (21) of [700 EBA's] windows was a sufficient remedy for the damages caused by [Weaver's Glass]. Thus, the Court's award is reasonable as it achieves the purpose of making [700 EBA] whole.

Opinion in Response to Matters Complained of on Appeal, 12/2/16, at 2-3.

We conclude that the trial court's finding that replacement of the windows was a reasonable remedy for the damage caused by the breach of contract is supported by the record. Terry Deaven, the owner of Nittany Building, testified that, due to liability concerns, his company would not have completed the work if required to use the existing windows. N.T., 10/17/16, at 99. He further testified that it could cost more money to repair the existing windows than to replace them, because "[e]verything has to come out to get to at least the known problem and then the unknown problems." *Id.* at 100-01. Further, Richard Merkert, a consultant in building and construction, testified that the windows should be repaired or replaced. *Id.* at 78. He further testified that the work proposed by Nittany Building to address the problem was reasonable and appropriate, *id.* at 79, and that the quoted cost was reasonable, *id.* In addition, Merkert testified that if a company were to remove the windows, it may find additional problems, which could cost more to resolve than the cost of replacement windows. *Id.* at 93.

Therefore, we conclude that the trial court did not err in awarding damages based on the replacement cost of the windows.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2017